# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:11cr135 |
| | § | (Judge Crone) |
| KENNETH BUHOLTZ | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter having been referred by the Honorable Marcia A. Crone, the Court held a hearing on January 22, 2012, on Defendant's *pro se* Motion to Withdraw Plea (Dkt. #69). In his motion, Defendant seeks to withdraw his guilty plea, which was accepted by the District Judge, signed on November 15, 2011 (Dkt. #57).

### BACKGROUND

On June 8. 2011, Defendant was charged in a one-count indictment with transportation of a minor for sexual purposes in violation of 18 U.S.C. § 2423(a). Defendant was first represented by Gregg Gibbs, retained counsel. Defendant then fired Mr. Gibbs and hired George Parnham (Dkt. #22). On September 13, 2011, this case was set for a jury trial on November 28, 2011. Both parties prepared for the trial. On November 9, 2011, Defendant signed a plea agreement to count one of the first superseding indictment charging him with transportation of minors. Also on November 9, 2011, Defendant signed a factual statement in support of his plea of guilty.

On November 14, 2011, Defendant appeared before the undersigned for his change of plea hearing. Defendant pleaded guilty to count one of the first superseding indictment charging a violation of 18 U.S.C. § 2423(a). Defendant pleaded guilty pursuant to a Rule 11(c)(1)(C) plea agreement stipulating to a sentence of 120 months followed by five years supervised release. The

Government agreed to dismiss a lis pendens which had been filed on property the Government was seeking to forfeit from Defendant. This Court signed an order dismissing the lis pendens on November 15, 2011. As a final condition of the plea agreement, the State of Texas agreed to dismiss its related state charges once Defendant was sentenced.

On November 14, 2011, Findings of Fact and Recommendation on Guilty Plea were entered. On November 15, 2011, United States District Judge Marcia Crone adopted the report, finding Defendant guilty of count one of the first superseding indictment, conditioned upon a review of the presentence report ("PSR").

On February 13, 2012, the United States Probation Office completed its initial PSR. No objections were filed by either Defendant or the Government, and the final PSR was issued on April 5, 2012.

On May 23, 2012, Defendant filed a motion for a psychiatric examination, as Defendant claimed he was not being given medication for his Post-Traumatic Stress Disorder. Defendant was sent for an evaluation. On September 13, 2012, the undersigned issued an Order stating that the evaluation of Defendant was complete, there was no issue regarding his competency, and the case was to proceed to sentencing.

On September 20, 2012, Mr. Parnham filed a Motion to Withdraw as counsel of record. A hearing on this motion was held on October 18, 2012. During the hearing, Defendant concurred with the Motion to Withdraw. Defendant also raised, for the first time before the Court, his desire to withdraw his guilty plea. The Motion to Withdraw as counsel of record was denied at the time.

On October 29, 2012, Defendant filed this *pro se* Motion to Withdraw Plea. On the same day, Mr. Parnham filed a new Motion to Withdraw as counsel of record. A transcript of the change

of plea hearing was filed on November 19, 2012. On December 10, 2012, Mr. Parnham's Motion to Withdraw as counsel of record was granted and the Federal Public Defender was appointed to represent Defendant.

On December 11, 2012, the United States filed a response to the motion to withdraw plea. The Court conducted a hearing on the motion on January 22, 2013. Defendant testified, and Mr. Parnham testified via telephone, by agreement of the parties.

## ANALYSIS
### Standard of Review

According to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, a district court may grant a motion to withdraw a guilty plea before sentencing if the defendant shows "a fair and just reason." Fed. R. Crim. P. 11(d)(2)(B). There is no absolute right to withdraw a guilty plea, and the Defendant bears the burden of establishing a fair and just reason for withdrawing her plea. *United States v. Puckett*, 505 F.3d 377, 382 (5th Cir. 2007)(citation omitted); *United States v. Lampazianie*, 251 F.3d 519, 523-24 (5th Cir. 2001). In deciding whether to permit a defendant to withdraw a guilty plea, the Court is granted "broad discretion." *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984)(citation omitted).

To determine whether a defendant may withdraw a plea of guilty prior to sentencing, this Court must look at the following factors: (1) whether the Defendant has asserted his innocence; (2) whether the Government would suffer prejudice if the withdrawal of the motion were granted; (3) whether the Defendant has delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the Court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would

3

waste judicial resources. *Carr*, 740 F.2d at 343-44. The Court is not required to make a finding as to each individual factor. *United States v. Powell*, 354 F.3d 362, 370 (5 th Cir. 2003). The *Carr* factors are considered for the totality of the circumstances and no single factor is dispositive. *Lampazianie*, 251 F.3d at 524; *Powell*, 354 F.3d at 370.

## Discussion

Defendant's two-page *pro se* motion alleges that he received ineffective assistance of counsel. He also claims he received "inaccurate information which resulted in undue pressure to enter said Plea and Agreement." Defendant finally claims that he was in an "emotionally confused mental state at the time the Plea and Agreement was entered." At the hearing, Defendant asserted for the first time that he was innocent of the charges and that he expected a downward departure, and that his attorney was ineffective, which forced him to enter a guilty plea or face life in prison.

**Defendant's Assertion of Innocence**

Defendant now asserts his innocence for the first time. Defendant never asserted his innocence in any prior proceeding or when he was interviewed for his PSR. However, Defendant offers nothing to the Court to illustrate his innocence other than his generic claim that he is now innocent.

In his plea colloquy with the Court, Defendant, under oath, agreed to the statement of facts and that he was pleading guilty to the facts that he transported a minor in interstate commerce with the intent that the individual engaged in sexual activity for which a person could be charged with a criminal offense, namely, Texas Penal Code § 21.11, Indecency with a Child. Defendant admitted that he fondled the breasts and vagina of the minor prior to departing California and continued the same activity after arriving in Texas. Defendant also stated in his own words the same conduct.

4

Defendant also stated that he understood that he would receive a sentence of 120 months. Defendant also signed a plea agreement that contained his agreement to plead guilty to a violation of 18 U.S.C. § 2423(a). After pleading guilty, Defendant was interviewed by a United States Probation Officer and did not assert his innocence. Although he now asserts his innocence, Defendant provides no facts to support such a claim.

**Delay in Filing Withdrawal Motion**

In *Carr*, the Fifth Circuit found a delay of twenty-two days before filing a motion for withdrawal of a guilty plea to weigh against allowing the defendant to withdraw his plea. *Carr*, 740 F.2d at 345. "The rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered. The purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Id.*

On November 14, 2011, Defendant pleaded guilty. The first communication from Defendant that he would like to withdraw his guilty plea occurred on October 18, 2012. It appears that Defendant also waited until after the initial PSR had been prepared before notifying the Court that he wanted to withdraw his guilty plea. Even accepting the date that Defendant attempted to request withdrawal of his plea, the Court finds that Defendant was not prompt. Defendant's delay demonstrates a tactical decision and Defendant's belief that he made a bad decision in pleading guilty. Therefore, the Court finds that Defendant's delay strongly favors denying the motion.

**Assistance of Counsel**

In order for a Defendant's guilty plea to be valid, "the defendant must have available the advice of competent counsel. The advice of competent counsel exists as a safeguard to ensure that

pleas are voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000).

Defendant asserts that his prior counsel was ineffective in not evaluating the case law correctly and in failing to properly prepare for trial.

The Fifth Circuit determined that close assistance of counsel under Rule 11(d)(2)(B) and "constitutionally ineffective assistance of counsel are distinct issues." *United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009). Ineffective assistance is a basis for invalidating a conviction under the Sixth Amendment and not relevant to the decision of whether Defendant was denied close assistance of counsel. *Id.*

The question of whether Defendant received the close assistance of counsel "requires a fact-intensive inquiry." *Id.* Defendant presented no credible evidence at the hearing on the motion for withdrawal of the guilty plea that related to the assistance of counsel. Defendant entered into a plea agreement with the Government. The plea agreement was signed by Defendant and his counsel. Paragraph thirteen of the plea agreement states that Defendant reviewed all legal and factual aspects of the case and that Defendant was fully satisfied with his counsel's legal representation. Defendant also represented, in signing the written consent form to proceed before the undersigned, that he was satisfied with the representation provided to him. Defendant was also asked during his plea colloquy whether he was satisfied with the representation provided by his counsel, Mr. Parnham, and he answered that he was.

Mr. Parnham testified during the January 22, 2013 motion to withdraw hearing. The Court finds his testimony was very credible. In fact, after hearing from Mr. Parnham, the Court is convinced that Defendant had close assistance of counsel. Mr. Parnham fully understood the case

and the issues facing Defendant. The Court cannot find fault with the representation provided by Mr. Parnham. Mr. Parnham has forty-five years of criminal defense experience. Mr. Parnham testified that he felt it was in Defendant's best interest to enter a plea of guilty based upon a few pieces of evidence that were very damaging to Defendant. Mr. Parnham also stated that the plea agreement also allowed Defendant to remove the lis pendens on his property and avoid state prosecution. Therefore, the Court finds that Defendant was not without assistance of adequate counsel in agreeing to plead guilty.

**Knowing and Voluntary Plea**

"For a plea to be knowing and voluntary, 'the defendant must be advised of and understand the consequences of the [guilty] plea.'" *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992) (quoting *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990)). Defendant must have notice of the nature of the charges against him, he must understand the consequences of his plea, and he must understand the nature of the constitutional protections he is waiving. *Matthew*, 201 F.3d at 365. For a guilty plea to be voluntary, it must "not be the product of 'actual or threatened physical harm, or ... mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel." *Id*. (quoting *Brady v. United States*, 397 U.S. 742, 750 (1970)).

In this case, the Court informed the Defendant of the nature and consequences of his guilty plea. The Court informed Defendant of the rights he gave up when pleading guilty, the potential sentence he faced for pleading guilty, and the specific elements of the crime. Defendant stated that he understood the penalties he could receive, that he understood the elements of the offense, and that he understood his constitutional rights. He was advised about the sentencing guidelines. The Court

also reviewed the plea agreement.

Defendant represented that his plea was freely and voluntarily made and that no one forced him, threatened him, or promised him anything other than what was contained in the plea agreement. Counsel indicated that Defendant was competent and able to cooperate with him and that he understood the plea agreement. The Court went over, in detail, the statement of facts in support of the plea agreement. Defendant acknowledged that the facts were true and correct and that he was pleading guilty to the facts as recited by the Court. After acknowledging the facts supporting his plea, Defendant entered a plea of guilty to count one of the first superseding indictment. Having been advised as to the details and consequences of his plea, having repeatedly stated that he understood the proceedings, and having repeatedly acknowledged his guilt, Defendant's assertion that his plea was anything other than knowing and voluntary is contradicted by the record. *See United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002) (reviewing courts give great weight to the defendant's statement at the plea colloquy).

Defendant testified that he felt pressured into pleading guilty. Defendant thought that he would receive a downward departure. The Court finds that Defendant's testimony at the motion to withdraw hearing was not credible. Defendant could not adequately explain why he pleaded guilty to an offense that would result in an agreed-upon sentence of 120 months upon an unfounded belief that he would get a reduced sentence. Mr. Parnham's testimony directly contradicts the argument that Defendant is now asserting. The Court finds that Defendant's plea was knowing and voluntary.

**Remaining Factors**

The remaining factors for the Court to consider are as follows: (1) whether withdrawal would cause the Government to suffer prejudice if the motion were granted; (2) whether withdrawal would

substantially inconvenience the Court; and (3) whether withdrawal would waste judicial resources.

The Government asserts that if the plea were withdrawn, additional work would be required because after the guilty plea, resources were shifted to other matters. The Government also asserts that the victim would be prejudiced because she gained certainty and comfort knowing that Defendant had accepted responsibility for his crimes and that she has now moved on with her life. Considering the nature of this case, the Court finds that there would be prejudice to the Government if the plea were withdrawn.

After considering the evidence presented, the arguments of counsel, and reviewing the record, the Court finds that most of the *Carr* factors do not weigh in Defendant's favor. Defendant presented no evidence that convinces the Court that Defendant should be allowed to withdraw his plea of guilty. Given the totality of the circumstances, the Court finds that Defendant has failed to demonstrate a fair and just reason to withdraw his plea of guilty.

## RECOMMENDATION

The Court recommends that Defendant's *pro se* Motion to Withdraw Plea (Dkt. #69) should be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 24th day of January, 2013.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE