# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO.  4:11-CR-00135-MAC-CAN |
| | § | |
| KENNETH BUHOLTZ | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant Kenneth Buholtz's ("Buholtz") *pro se* "Motion to Set Aside Order Dated August 28, 2017" ("Motion to Set Aside") [Dkt. 134].  After reviewing the Motion, and all other relevant filings and docket entries, the Court recommends that the Motion to Set Aside be **DENIED**.

## BACKGROUND

On August 28, 2017, the Court denied as moot Buholtz's request that the Court compel the Clerk of Court and/or Court Reporter to allow Defendant to inspect the original recordings of the January 2013 hearings and certify their authenticity.  The Court stated that it "ha[d] been advised by the United States District Clerk's Office of the Eastern District of Texas that certified transcripts of these proceedings ha[d] been sent via the United States Postal Service to [Buholtz] on August 24, 2017" [Dkt. 131].  Now, almost a year later, Buholtz moves the Court to reconsider its August 28, 2017 Order, arguing that he still has not been provided a full copy of the audio recordings in his criminal case, including a full audio recording of his "Change of Plea Hearing, January 2013" [Dkt. 134].[1]  Specifically, Buholtz states "the CD(s) received previously had only

---

[1] While Buholtz entitles the proceeding he requests an audio copy of "Change of Plea Hearing," in truth, Buholtz is referencing the hearing related to his request to withdraw his plea of guilty.

REPORT AND RECOMMENDATION − Page 1

recordings coinciding with Pages 56-87 of the printed transcript.  So where are the audio recordings coinciding with pages 1-55?" [Dkt. 134 at 2].

Buholtz pleaded guilty pursuant to a plea agreement to Count One of the First Superseding Indictment, which charged a violation of 18 U.S.C. § 2423(a), Transportation of Minors [Dkts. 45, 52, 56].  On October 29, 2012, Buholtz moved to withdraw his plea of guilty; and, on January 22, 2013, the Court conducted a hearing on such request.  On March 6, 2013, the District Court adopted the findings of the United States Magistrate Judge that Buholtz's request to withdraw his plea be denied [Dkt. 80].  On March 22, 2018, the Court sentenced Buholtz to 120 months of imprisonment, to be followed by 5 years of supervised release, and imposed a $100.00 special assessment [Dkt. 85].  On March 25, 2013, the criminal judgment was entered on the docket [Dkt. 86].  Thereafter, Buholtz initiated a direct appeal and also filed a 2255 motion.

In connection with such filings, Buholtz further sought to obtain various audio recordings and/or transcripts from his criminal proceedings [*see* docket generally].  Relevant herein, on September 18, 2015, the District Court granted Buholtz's request to obtain audio recordings of the hearing on his motion to withdraw guilty plea [Dkt. 123].  A copy of the audio recording was forwarded to Buholtz on both June 24, 2016, and again on March 28, 2017 [*see* docket generally].  In addition, written transcripts from all hearings held in Buholtz's criminal proceedings were mailed to Buholtz on August 24, 2017.

The crux of Buhultz's present motion is a perceived discrepancy between the audio recordings and written transcripts.  The written transcript from the January 22, 2013 hearing contains pages 1-88 [Dkt. 78]; Buholtz alleges the audio recordings he has received, to date, begin with the content appearing on page 55 of the transcript.  As a result, Buholtz raises a concern that he has not yet been provided a full copy of the audio recording.

Buholtz's request to set aside should be denied.  The Court has now on multiple occasions provided Buholtz with free copies of both the audio and written transcription of his proceedings before the Court.  In addition, on September 5, 2018, the District Clerk's Office mailed yet another copy of both the audio recording and written transcription of Buholtz's January 22, 2013 hearing on his request to withdraw his plea.  The District Clerk's Office confirmed to the undersigned prior to mailing such copies that, upon personal and independent review of the audio recording, the audio CD was complete and matched the accompanying written transcript.  Specifically, Buholtz was provided a CD containing two audio files; the first audio file contains the digital recording associated with pages 1 through 56, line 23; the second audio file (which begins after a recess of the hearing) contains the digital recording associated with associated with page 56, line 24 through to the conclusion of the hearing on page 87.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends that the Motion to Set Aside [Dkt. 134] be **DENIED**.  The Court has confirmed with the Clerk of Court that Buholtz has been provided a complete copy of both the audio recording and certified written transcript of the January 22, 2013 hearing.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 6th day of September, 2018.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION − Page 4