IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § | |
| **v.** | § § | **CRIMINAL NO. 4:11-CR-135-ALM-CAN-1** |
| **KENNETH BUHOLTZ (1)** | § § § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on December 15, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Wesley David Spencer. The Government was represented by Assistant United States Attorney Jay Robert Combs.

On March 22, 2013, United States District Judge Marcia Crone sentenced Defendant to a term of one hundred twenty (120) months imprisonment followed by five (5) years of supervised release. *See* Dkt. 85. On February 3, 2020, Defendant completed his term of imprisonment and began serving the term of supervision. *See* Dkt. 143.

On September 26, 2022, the U.S. Probation Officer filed the Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 143). The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; (3) Under the guidance and direction of the U.S. Probation Office, Defendant shall participate in a sex offender treatment program which may include the application of physiological testing

instruments. Defendant shall pay any cost associated with treatment and testing; (4) Defendant shall not have contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer; and (5) Defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervised release, the term "sexually explicit conduct" is defined under 18 U.S.C. § 2256(2)(A).

The Petition asserts Defendant violated the foregoing conditions as follows:

- On August 24, 2022, Defendant was arrested and charged with the offense of Indecent Assault (Class A misdemeanor) under Texas Penal Code 22.012. This case remains pending in Collin County, Texas.

- Defendant failed to submit his monthly supervision reports within the first five days of each month for the months of May, June, July, August, September, and October 2021; and January, February, March, May, June, and September 2022.

- On August 30, 2022, Defendant was unsuccessfully discharged from sex offender treatment due to his failure to abide by the treatment recommendations regarding his inappropriate behavior toward different women.

- Defendant had unauthorized email contact with his minor son, L.B., on two separate occasions without prior approval by the U.S. Probation Office or by an approved adult.

- On September 25, 2020, Defendant submitted to a maintenance polygraph examination and during the preparation phase of the examination, Defendant disclosed that he had four printed pictures of his ex-wife. The images were of her bare breasts and bare vagina. Defendant found the images on his ex-wife's cell phone, and he took the "chip" out of her cellphone and printed the images from his computer.

On December 15, 2022, the Court conducted a final revocation hearing on the Petition. *See* Dkt. 158. During the hearing, Liles Arnold ("Mr. Arnold"), a licensed professional counselor and a licensed sex offender treatment provider, testified Defendant began sex offender treatment in March 2020, as required by Defendant's conditions of supervision. *See id.* Mr. Arnold testified Defendant denied committing the underlying sexual offense for which he pled guilty, was uncooperative with treatment recommendations, and portrayed his prosecution for the underlying

conviction as a conspiracy conducted by the U.S. military, Collin County Sheriff's Office, and his ex-wife. *See id.* Mr. Arnold testified Defendant approached a female patient in the waiting room lobby at Mr. Arnold's psychotherapy office to obtain her phone number and name. *See id.* Mr. Arnold testified he informed Defendant this was inappropriate behavior, and Defendant responded that Mr. Arnold was "overreaching". *See id.* Mr. Arnold further testified Defendant informed Mr. Arnold that in May 2021, he hired a private investigator to surveil a Wal-Mart for the purposes of tracking down and identifying a woman Defendant had momentarily seen while shopping in the store. *See id.* Further, Mr. Arnold testified that Defendant interviewed and invited a female tenant to live on his property, and in November 2021, Defendant told this female tenant to come to his room to bathe and "snuggle" after she complained about the lack of heating in her room. *See id.* Mr. Arnold testified Defendant debated with Mr. Arnold regarding what constitutes pornography, and Defendant disclosed that he masturbated approximately once a week. *See id.* Mr. Arnold testified Defendant was unsuccessfully discharged in August 2022, for his failure to abide by treatment conditions, and complaints brought against Defendant for unwanted sexual behavior by multiple women. *See id.* During cross-examination, Mr. Arnold testified that in July 2021, Defendant informed Mr. Arnold he possessed nude photographs of his ex-wife grabbing a minor's buttocks. *See id.*

U.S. Probation Officer Rick Ramos ("U.S. Probation Officer Ramos") testified he was assigned to supervise Defendant after Defendant made inappropriate comments to the previously assigned female U.S. Probation Officer. *See id.* U.S. Probation Officer Ramos further testified the August 24, 2022 charge that is currently pending is a Class C misdemeanor, and is not being charged as a Class A misdemeanor. *See id.* U.S. Probation Officer Ramos testified that four incident reports had been filed against Defendant by multiple female tenants for nonconsensual

sexual touching and kissing, as well as unwanted sexual advances. *See id.* U.S. Probation Officer Ramos testified one of Defendant's female tenants provided a sworn affidavit that Defendant had touched her breast without consent, and threatened to "make things ugly" after she told him not to touch her. *See id.* U.S. Probation Officer Ramos further testified Defendant threatened to evict a female tenant if she did not provide Defendant with sexual favors. *See id.* U.S. Probation Officer Ramos testified Defendant failed to submit his monthly supervision reports within the first five days of each of the following months: May, June, July, August, September, and October 2021; and January, February, March, May, June, and September 2022. *See id.* U.S. Probation Officer Ramos testified Defendant's ex-wife had informed the U.S. Probation Office that Defendant had unauthorized email contact with L.B., his minor son. *See id.* L.B. is Defendant's son with Defendant's ex-wife, and she has sole custody of L.B. *See* Dkt. 143. Defendant's ex-wife provided two emails from July 2022 to the U.S. Probation Office that Defendant sent to L.B., which contain threatening language. *See* Dkt. 158. These emails include Defendant's threat that L.B. attempt to have L.B.'s aunt recant her testimony regarding the underlying sexual criminal offense. U.S. Probation Officer Ramos testified Defendant indicated he possessed photographs of his ex-wife that constituted pornography and Defendant has not indicated these photographs have been destroyed. *See id.*

Juan Guzman ("Mr. Guzman") testified he is the son of Defendant's ex-wife and is L.B.'s older brother. *See id.* Mr. Guzman testified he is currently concluding his active military service in the U.S. military and is enrolled in a college program. *See id.* Mr. Guzman testified he has known Defendant since Mr. Guzman was approximately four or five years old. *See id.* The Government proffered, without objection from Defendant, and the Court admitted an email chain between Defendant, L.B., and Mr. Guzman dated July 26, 2022 to July 28, 2022, with the subject

title "Transfer of GI Bill Education Benefits", as Government's Exhibit 1, *see* Dkt. 159 at 2–3. *See* Dkt. 158. Mr. Guzman testified to the contents of the email in which Defendant emails L.B. the following:

> Your Grandmother's and Mother's and Aunt's bullshit caused a huge fight with the army to pay for your college.
>
> I just received word that I won that fight and that your first year is paid-in-full. No thanks necessary! There are SEVERAL millions of dollars yet hanging out there waiting on your aunt to recant her accusation.
>
> If she gave two shits about your future well-being …which I doubt her pride will allow, she'd contact me. I neither need nor want the money. You can have it! But somebody better pull their head out of their ass quick!

Dkt. 159 at 3; *see also* Dkt. 158. Mr. Guzman further testified he emailed Defendant to not contact L.B., emphasized L.B. is a minor, and asked Defendant to leave Mr. Guzman's family alone. *See* Dkt. 158; *see also* Dkt. 159 at 2. Defendant responded with an email that states in part as follows: "Your mother would have had you giving blow jobs to taxi drivers under stairwells in Colombia to fund her errant ways . . . ." Dkt. 159 at 2; *see also* Dkt. 158.

Federal Bureau of Investigation ("FBI") Agent Karen Castiblanco ("Agent Castiblanco") testified she is the sister of Defendant's ex-wife. *See* Dkt. 158. Agent Castiblanco testified Defendant committed the sexual criminal offense that led to his underlying conviction against her when she was a minor. *See id.* Agent Castiblanco testified she would never recant her testimony regarding the sexual criminal offense. *See id.*

Tina Smith ("Ms. Smith") testified as a witness on behalf of Defendant. *See id.* Ms. Smith testified she became Defendant's tenant in February 2022. *See id.* Ms. Smith testified she initially worked as a cleaner for Defendant's property at an hourly rate of $25, and later became Defendant's property manager. *See id.* Ms. Smith testified Defendant provides her free room and board in her position as property manager. *See id.* Ms. Smith further testified she interviewed

tenants with Defendant and Defendant did not rent to men, as he had previous problems with male tenants. *See id.* Ms. Smith testified she had not witnessed nonconsensual sexual behavior by Defendant with other female tenants. *See id.* Ms. Smith testified Defendant evicted female tenants who made allegations of unwanted sexual contact and advances due to their failure to pay rent. *See id.* During cross-examination, Ms. Smith testified Defendant provided food to his female tenants, including Ms. Smith, and that Defendant and Ms. Smith had meals with Defendant's female tenants. *See id.*

Defendant proffered, without objection from the Government, and the Court admitted, Defendant's Department of Veteran Affairs Rating Decision dated November 26, 2014, as Defendant's Exhibit 1, *see* Dkt. 159 at 4–5. *See* Dkt. 158. The Defendant's Department of Veteran Affairs Rating Decision states, *inter alia*, as follows: "Entitlement to special monthly compensation based on Loss Of Use of creative organ is granted from November 1, 2013." Dkt. 159 at 4.

Defendant entered a plea of not true to Allegations one through five. *See* Dkt. 158. The Court previously found there was probable cause to support Allegations one through five. *See* Dkt. 154. The Court finds there is ample evidence to support each of Allegations one through five. *See* Dkt. 158. Accordingly, the Court finds Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked. The Court further finds, based on the evidence presented at the December 15, 2022 hearing, that an upward departure is warranted. Defendant did not consent to revocation and did not waive his right to object to the proposed findings and recommendations of the United States Magistrate Judge. *See* Dkt. 158.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the evidence and arguments presented at the December 15, 2022 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months, followed by five (5) years of supervised release. The Court recommends Defendant's previous conditions of supervised release be imposed with an additional special condition as follows: "You must not allow any female friends, associates, colleagues, or tenants to reside on your property or at your residence."

The United States Sentencing Guidelines range of imprisonment for Defendant's violations of his conditions of supervision is three (3) to nine (9) months, and the statutory maximum penalty is five (5) years. The Government requested that Defendant be imprisoned for a term of twenty-four (24) months followed by an additional term of supervised release. In considering the factors set forth in 18 U.S.C. § 3553(a) and the evidence presented at the December 15, 2022 hearing, the Court finds the above upward departure is warranted. The Court finds the allegation underlying Allegation 1 of the Petition is consistent with allegations from multiple women that Defendant has made multiple unwanted and nonconsensual sexual advances. The statements of these women allude to a pattern of predatory conduct, which is consistent with the conduct in Defendant's underlying conviction. The Court finds Mr. Arnold's testimony regarding Defendant's conduct towards women underlying Allegation 3 of the Petition to be an additional basis for an upward departure. Furthermore, the Court finds an upward departure is warranted based on the substance of Defendant's emails marked as Government's Exhibit 1 regarding Allegation 4. Finally, the Court finds supervised release of five years is warranted, as it will provide Defendant another opportunity for the necessary sex offender treatment.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 19th day of December, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE